ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Delgado, | No.  CV 14-0665-PHX-DGC (SPL) |
| Plaintiff, | |
| vs. | **ORDER** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Anthony Delgado, who is confined in the Arizona State Prison Complex - Yuma in San Luis, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 4). Plaintiff has also filed a document titled "This is a Motion to Amend" (Doc. 3).  The Court will deny the Motion and will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $23.80.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

JDDL-K

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

JDDL-K

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

4    Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may

5    possibly be amended to state a claim, the Court will dismiss it with leave to amend.

6    **III.    Complaint**

7    In his two-count Complaint, Plaintiff names as Defendants the Arizona

8    Department of Corrections ("ADOC"); Kieth Smith, a security operations administrator

9    with ADOC; Marlene Coffy, a protective segregation officer with ADOC; and R.

10   Sanders, the warden at the Dakota Unit of Arizona State Prison Complex – Yuma.

11   In Count One, Plaintiff alleges that he has repeatedly requested protective custody

12   status due to threats and assaults made against him by other inmates. Rather than place

13   Plaintiff in protective custody, however, Defendants have moved Plaintiff from one

14   prison complex to another. Despite the moves, Plaintiff alleges that he is still in danger,

15   and that Defendants' failure to place him in protective custody violates his right to be free

16   from physical harm and threats. As a result, Plaintiff alleges that he has suffered at least

17   one assault in which he was physically injured.

18   In Count Two, Plaintiff alleges that he filed a grievance related to Defendants'

19   failure to place him in protective custody. According to Plaintiff, the evidence he

20   presented as part of that grievance was lost by Defendant Sanders' staff. Plaintiff alleges

21   that his family contacted Defendant Sanders regarding the loss of evidence, and that

22   Plaintiff's Aunt even drove to Yuma and personally spoke with Defendant Sanders about

23   the grievance and loss of evidence. Nevertheless, Plaintiff alleges that Defendant

24   Sanders cancelled the grievance, and placed Plaintiff in a general population unit. When

25   Plaintiff refused to go to the general population unit, he alleges that Defendant Sanders

26   had her staff seize Plaintiff's personal property and revoke his privileges in retaliation for

27   the complaints Plaintiff and his family had made. As a result, Plaintiff alleges that he has

28   suffered mental anguish, emotional damages, and anxiety attacks.

1    For his alleged injuries, Plaintiff seeks monetary compensation and placement in

2    protective custody.

3    **IV.    Failure to State a Claim**

4    To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

5    (2) under color of state law (3) deprived him of federal rights, privileges or immunities

6    and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th

7    Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d

8    1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific

9    injury as a result of the conduct of a particular defendant and he must allege an

10   affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*,

11   423 U.S. 362, 371-72, 377 (1976).

12   Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

13   520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*

14   *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a

15   liberal interpretation of a civil rights complaint may not supply essential elements of the

16   claim that were not initially pled.  *Id*.

17   **A.    Arizona Department of Corrections**

18   The Arizona Department of Corrections is not a proper Defendant.  Under the

19   Eleventh Amendment to the Constitution of the United States, a state or state agency may

20   not be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v.*

21   *Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

22   Furthermore, "a state is not a 'person' for purposes of section 1983.  Likewise 'arms of

23   the State' such as the Arizona Department of Corrections are not 'persons' under section

24   1983."  *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation

25   omitted).   Therefore, the Court will dismiss Defendant Arizona Department of

26   Corrections.

27   . . . .

28   . . . .

**B.      Defendants Smith and Coffy**

Despite naming Defendants Smith and Coffy in his Complaint, Plaintiff never once references them within his claims for relief or otherwise explains how they caused any of his alleged injuries.  Accordingly, the Court will dismiss Defendants Smith and Coffy.

**C.      Defendant Sanders**

As an initial matter, it is unclear from his Complaint whether Plaintiff is alleging an Eighth Amendment threat to safety claim, or a First Amendment retaliation claim (or both) against Defendant Sanders.  If Plaintiff is alleging that Defendant Sanders has failed to ensure Plaintiff's safety, such a claim requires a sufficiently culpable state of mind by Defendant Sanders, known as "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Id.* at 835.  To state a claim of deliberate indifference, plaintiffs must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.* at 834 (internal quotations omitted).  Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety."  *Id.* (internal quotations omitted).  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

If he is raising an Eighth Amendment "deliberate indifference" claim, Plaintiff has failed to sufficiently allege that Defendant Sanders was both "aware of facts from which the inference could be drawn that a substantial right of serious harm exists, *and* [that Defendant Sanders] also [drew that] inference."  *Id.*  Plaintiff's conclusory allegations that his family spoke with Defendant Sanders and that Defendant Sanders subsequently

1   denied Plaintiff's grievance are insufficient to demonstrate that Defendant Sanders
2   *actually* inferred that denying Plaintiff's grievance and failing to place him in protective
3   custody would result in a substantial risk of harm to Plaintiff.  While Plaintiff alleges in
4   Count One that he had been threatened (and even assaulted) by other inmates in the past,
5   he does not sufficiently allege that Defendant Sanders was aware of those past threats and
6   assaults, or was otherwise presented with any facts "from which the inference could be
7   drawn that a substantial right of serious harm exists."

8        If Plaintiff is raising a First Amendment retaliation claim, he has still failed to
9   sufficiently allege a cause of action.  A viable claim of First Amendment retaliation
10  contains five basic elements: (1) an assertion that a state actor took some adverse action
11  against an inmate (2) because of (3) that prisoner's protected conduct, and that such
12  action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate
13  suffered more than minimal harm) and (5) did not reasonably advance a legitimate
14  correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see*
15  *also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an
16  inmate to show (1) that the prison official acted in retaliation for the exercise of a
17  constitutionally protected right, and (2) that the action "advanced no legitimate
18  penological interest").  The plaintiff has the burden of demonstrating that his exercise of
19  his First Amendment rights was a substantial or motivating factor behind the defendants'
20  conduct.  *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977);
21  *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

22       Plaintiff has not sufficiently demonstrated that Defendant Sanders' actions chilled
23  Plaintiff's exercise of his First Amendment rights, or that Plaintiff suffered more than
24  minimal harm as a result of Defendant Sanders' actions.  Plaintiff has not alleged, for
25  instance, that he has been unable or unwilling to continue his grievances or other
26  complaints in light of Defendant Sanders' actions.  While Plaintiff has alleged that his
27  property was seized and privileges revoked at Defendant Sanders' direction, he has not
28  sufficiently alleged whether such deprivations are more than a minimal harm to him.  For

1   instance, Plaintiff has not provided any information about what property was seized or
2   what privileges were revoked, and why those deprivations are more than minimally
3   harmful.

4          Accordingly, regardless of whether Plaintiff is alleging an Eighth Amendment
5   "deliberate indifference" claim or a First Amendment retaliation claim against Defendant
6   Sanders, he has failed to sufficiently allege a claim for which relief could be granted, and
7   Defendant Sanders will be dismissed.  Because Plaintiff has failed to allege a claim for
8   which relief could be granted against any named Defendant, his Complaint will be
9   dismissed.

10  **V.      "Motion to Amend"**

11         In his "Motion to Amend," (Doc. 3) Plaintiff requests that the Court subpoena the
12  Arizona Department of Corrections for Plaintiff's "805 protective custody files and
13  medical files."  The Court will, in its discretion, construe the motion as a motion for
14  discovery.  However, because the Court has dismissed Plaintiff's Complaint with leave to
15  amend, and has not ordered service on any defendant, the motion is premature.
16  Accordingly, the Court will deny the motion without prejudice.

17  **VI.     Leave to Amend**

18         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
19  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a
20  first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will
21  mail Plaintiff a court-approved form to use for filing a first amended complaint.   If
22  Plaintiff fails to use the court-approved form, the Court may strike the amended
23  complaint and dismiss this action without further notice to Plaintiff.

24         If Plaintiff files an amended complaint, Plaintiff must write short, plain statements
25  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name
26  of the Defendant who violated the right; (3) exactly what that Defendant did or failed to
27  do; (4) how the action or inaction of that Defendant is connected to the violation of
28  Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of

1    that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

2           Plaintiff must repeat this process for each person he names as a Defendant.  If

3    Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

4    injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

5    failure to state a claim.  **Conclusory allegations that a Defendant or group of**

6    **Defendants has violated a constitutional right are not acceptable and will be**

7    **dismissed**.

8           Plaintiff must clearly designate on the face of the document that it is the "First

9    Amended Complaint."  The first amended complaint must be retyped or rewritten in its

10   entirety on the court-approved form and may not incorporate any part of the original

11   Complaint by reference.  Plaintiff may include only one claim per count.

12          A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*,

13   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

14   F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

15   complaint as nonexistent. *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

16   in the original complaint and that was voluntarily dismissed or was dismissed without

17   prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa*

18   *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

19   **VII.   Warnings**

20          **A.    Release**

21          If released from custody, Plaintiff must pay the unpaid balance of the filing fee

22   within 120 days of his release.  Also, within 30 days of his release, he must either (1)

23   notify the Court that he intends to pay the balance or (2) show good cause, in writing,

24   why he cannot.  Failure to comply may result in dismissal of this action.

25          **B.    Address Changes**

26          If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of

27   address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff

28

must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 4) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $23.80.

. . . .

. . . .

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)     Plaintiff's "Motion to Amend" (Doc. 3) is **denied** without prejudice.

(7)     All future filings must be captioned: CV 14-0665-PHX-DGC (MHB); the Clerk of Court is directed to update the docket accordingly.[1]

Dated this 19th day of June, 2014.

David G. Campbell
United States District Judge

---

[1] This matter was originally randomly assigned to then-Magistrate Judge Steven P. Logan.   Judge Logan was subsequently appointed as a District Court Judge. Accordingly, Magistrate Judge Michelle H. Burns has been randomly assigned to replace Judge Logan in this matter.

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                           1

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                               U.S. District Court Clerk
U.S. Courthouse, Suite 130                           U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10        405 West Congress Street
Phoenix, Arizona  85003-2119                      Tucson, Arizona  85701-5010

7. Change of Address. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address: _____
>        Attorney for Defendant(s)
> _____
> (Signature)

9. Amended Complaint. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. See Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. Exhibits. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. Letters and Motions. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ , ) | |
| (Full Name of Plaintiff)    Plaintiff, ) | |
| ) | |
| vs.      ) | **CASE NO.** _____ |
| ) | (To be supplied by the Clerk) |
| (1) _____ , ) | |
| (Full Name of Defendant)    ) | |
| (2) _____ , ) | **CIVIL RIGHTS COMPLAINT** |
| ) | **BY A PRISONER** |
| (3) _____ , ) | |
| ) | |
| (4) _____ , ) | ☐ Original Complaint |
| Defendant(s).    ) | ☐ First Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them.    ) | ☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
                        (Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
                        (Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
                        (Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
                        (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail           ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                  ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count I?                   ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?          ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail            ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                              ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?            ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                          ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?                      ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?            ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____

                    DATE                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.