WO                                                                                          ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Anthony Delgado, | No. CV 14-00665-PHX-SPL (MHB) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| Kieth Smith, et al., | |
| Defendants. | |

On March 25, 2014,[1] Plaintiff Anthony Delgado, who is confined in the Arizona State Prison Complex-Yuma ("ASPC-Yuma") in San Luis, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 19, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

---

[1] Though Plaintiff's Complaint was not docketed by the Clerk of the Court until March 31, 2014, it was signed by Plaintiff on March 25, 2014. Under the Prison Mailbox Rule, the Court will refer to the date Plaintiff signed – and presumably delivered – his Complaint to jail officials as the date on which it was "filed." *See*, *e.g.*, **Error! Main Document Only.**Houston v. Lack, 487 U.S. 266, 275-76 (1988); *see also* **Error! Main Document Only.**Douglas v. Noelle, 2009 WL 1564235, *4 (9th Cir. Jun. 5, 2009) (**Error! Main Document Only.**"We . . . hold that the *Houston* mailbox rule applies to § 1983 suits filed by *pro se* prisoners.").

**JDDL-K**

On June 25, 2014,[2] Plaintiff filed his First Amended Complaint (Doc. 9). The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

---

[2] As with his original Complaint, Plaintiff's First Amended Complaint was not docketed by the Clerk of the Court until July 1, 2014, it was signed by Plaintiff on June 25, 2014. Under the Prison Mailbox Rule, the Court will refer to the date Plaintiff signed – and presumably delivered – his Complaint to jail officials as the date on which it was "filed."

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.     First Amended Complaint

In his First Amended Complaint, Plaintiff names as Defendants: Kieth Smith, a Security Operations officer at Arizona State Prison Complex-Phoenix ("ASPC-Phoenix"); Marlene Coffy, a "PCU Administrator" at ASPC-Phoenix; and R. Sanders, the Dakota unit Warden at ASPC-Yuma.  Plaintiff seeks to be placed in protective custody.

In his three-count Amended Complaint, Plaintiff generally alleges that his safety has been threatened and that Defendants have violated his civil rights by failing to place him in protective custody.  In Count One, Plaintiff alleges that he has made requests to Defendant Smith on five occasions to be placed in protective custody, but that Defendant Smith has denied him each time.  Plaintiff asserts that he has been assaulted and had threats made against him, and that Defendant Smith is aware, or should be aware, of these facts.  Plaintiff further asserts that Defendant Smith "directly" denied Plaintiff's third request for protective custody, that Plaintiff appealed this decision, and was ultimately placed in a general population yard, where he was assaulted.  As a result, pPlaintiff alleges that he has been physically injured as a result of the assault, has been placed "in the hole" for an extended period of time, and that Defendant Smith's actions constitute cruel and unusual punishment.

In Count Two, Plaintiff alleges that Defendant Coffy is on a "PCU Committee" that has been responsible for evaluating Plaintiff's requests for protective custody. Plaintiff asserts that Defendant Coffy knows Plaintiff would not be safe on a general population yard, but that he has repeatedly been placed in danger because Defendant Coffy "can't do her job." Plaintiff further asserts that, as a result of Defendant Coffy's investigations, he has been placed "in [the] hole[]" for two years. As a result, Plaintiff alleges that he suffers from stress and anxiety.

In Count Three, Plaintiff alleges that Defendant Sanders "let her personal feelings towards [Plaintiff] affect her job." Plaintiff asserts that Defendant Sanders has kept Plaintiff "in th[e] hole" since May 2013, even though Plaintiff has done nothing wrong and has not had any disciplinary actions during that time. Plaintiff further alleges that Defendant Sanders has had her staff take away Plaintiff's television and radio. Plaintiff also alleges that Defendant Sanders or her staff have twice lost Plaintiff's paperwork and evidence related to his protective custody requests, increasing the amount of time Plaintiff has spent in the hole and making it more difficult for him to demonstrate his need for protective custody. As a result, Plaintiff alleges that he has suffered emotional damage.

### III.    Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey*

*v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### A. Kieth Smith

An Eighth Amendment threat to safety claim requires a sufficiently culpable state of mind by defendants, known as "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Plaintiff has failed to state facts sufficient to support an Eighth Amendment threat to safety claim against Defendant Smith. Plaintiff has not alleged what specific facts Defendant Smith was aware of that would objectively demonstrate a sufficiently serious threat to Plaintiff's safety, or when Defendant Smith became aware of these facts. Nor has Plaintiff provided any specific facts regarding why Defendant Smith denied Plaintiff's requests for protective custody, or, indeed, whether Defendant Smith has any authority to place Plaintiff in protective custody or otherwise address his safety concerns. Accordingly, Plaintiff has failed to sufficiently state facts to support an Eighth Amendment threat to safety claim against Defendant Smith, and Defendant Smith will be dismissed.

### B. Marlene Coffy

Similarly, Plaintiff has failed to state facts sufficient to support an Eighth Amendment threat to safety claim against Defendant Coffy.[3] Plaintiff has not alleged what specific facts Defendant Coffy was aware of that would objectively demonstrate a sufficiently serious threat to Plaintiff's safety, or when Defendant Coffy became aware of these facts. Nor has Plaintiff provided any specific facts regarding why Defendant Coffy denied Plaintiff's requests for protective custody, or how she has otherwise not "done her job." Accordingly, Plaintiff has failed to sufficiently state facts to support an Eighth Amendment threat to safety claim against Defendant Coffy, and Defendant Coffy will be dismissed.

### C. Warden Sanders

Plaintiff appears to raise a First Amendment retaliation claim against Defendant Sanders.[4] A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial

---

[3] Though he does not specifically allege that Defendant Coffy has violated Plaintiff's Eighth Amendment rights or otherwise imposed "cruel and unusual punishment," Plaintiff has checked the box on the form for "threat to safety" above his allegations against Defendant Smith. Accordingly, the Court assumes Plaintiff intends to allege an Eighth Amendment violation against Defendant Coffy, and analyzes his claim as such.

[4] Though he does not specifically allege that Defendant Sanders has violated Plaintiff's First Amendment rights, Plaintiff has checked the box on the form for "retaliation" above his allegations against Defendant Smith. Accordingly, the Court assumes Plaintiff intends to allege a First Amendment violation against Defendant Sanders, and analyzes the claim as such.

1  or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff has not alleged facts sufficient to support a First Amendment retaliation claim against Defendant Sanders.  Plaintiff has not alleged what "personal feelings" Defendant Sanders has against Plaintiff, why she has these feelings, or, most importantly, what motivates them.  Additionally, Plaintiff has not alleged what "evidence" Defendant Sanders or her staff lost—indeed, it is unclear whether from Plaintiff's Amended Complaint whether Defendant Sanders was even aware that Plaintiff's television, radio, and paperwork had been "lost"—or how this evidence would have reduced the time he spent "in the hole."  Plaintiff has also not alleged why Defendant Sanders kept him "in the hole," or how this placement did not advance any legitimate penological interest.  In short, Plaintiff has not demonstrated that Defendant Sanders' alleged actions where done "because" Plaintiff engaged in constitutionally protected conduct, that those actions resulted in more than minimal harm to Plaintiff, or that they did not advance a legitimate penological interest.  Accordingly, Plaintiff has failed to allege facts sufficient to support a First Amendment retaliation claim against Defendant Sanders, and she will thus be dismissed.

**IV.    Leave to Amend**

Because the Court has concluded that Plaintiff has failed to state a claim against any named Defendant upon which relief could be granted, the First Amended Complaint will be dismissed.  Within 30 days, however, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in

its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Further, if Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of the Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to explain how the conduct of each named Defendant is connected to the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**

**V.    Warnings**

    **A.    Release**

If released from custody, Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1)

- 8 -

1  notify the Court that he intends to pay the balance or (2) show good cause, in writing,
2  why he cannot. Failure to comply may result in dismissal of this action.

3      **B.    Address Changes**

4      If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of
5  address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff
6  must not include a motion for other relief with a notice of change of address. Failure to
7  comply may result in dismissal of this action.

8      **C.    Copies**

9      Plaintiff must submit an additional copy of every filing for use by the Court. *See*
10 LRCiv 5.4. Failure to comply may result in the filing being stricken without further
11 notice to Plaintiff.

12     **D.    Possible "Strike"**

13     Because the First Amended Complaint has been dismissed for failure to state a
14 claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies
15 identified in this Order, the dismissal may count as a "strike" under the "3-strikes"
16 provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring
17 a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the
18 prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,
19 brought an action or appeal in a court of the United States that was dismissed on the
20 grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be
21 granted, unless the prisoner is under imminent danger of serious physical injury." 28
22 U.S.C. § 1915(g).

23     **E.    Possible Dismissal**

24     If Plaintiff fails to timely comply with every provision of this Order, including
25 these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963
26 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any
27 order of the Court).

28 . . . .

JDDL-K

1  **IT IS ORDERED:**

2  (1) The First Amended Complaint (Doc. 9) is **dismissed** for failure to state a
3  claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended
4  complaint in compliance with this Order.

5  (2) If Plaintiff fails to file a second amended complaint within 30 days, the
6  Clerk of Court must, without further notice, enter a judgment of dismissal of this action
7  with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C.
8  § 1915(g).

9  (3) The Clerk of Court must mail Plaintiff a court-approved form for filing a
10  civil rights complaint by a prisoner.

11  Dated this 31st day of July, 2014.

Honorable Steven P. Logan
United States District Judge

JDDL-K

- 10 -